IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA LEE WASHINGTON,

    Plaintiff,

  -vs-

NANCY A. BERRYHILL,[1]
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action No. 17-518

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

### **I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging disability since October 31, 2012. (ECF No. 8-5, p. 2, 4). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on June 8, 2016. (ECF No. 8-2, pp. 31-44). On September 16, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 19-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Plaintiff's Work Activity

In this case, the ALJ found that Plaintiff "did not engage in substantial gainful activity at any time from the alleged onset date, October 31, 2012, through the date last insured, March 31, 2014, but she did return to substantial gainful activity from February to December 2015." (ECF No. 8-2, p. 21). Plaintiff argues that the ALJ erred in failing to consider the Plaintiff's work activity from February – December 2015 as a trial work period. (ECF No. 11, p. 4). "We argue that Plaintiff's work activity from 02/15 to 12/15, was a temporary trial work period in accordance to the Commissioner's Regulations." *Id.,* at p. 2. The regulation cited by Plaintiff in support of this argument is 20 C.FR. §404.1592. *Id.* Section 404.1592 allows for a trial work period of up to nine months during which an individual can test his/her ability to work full time, without losing a disabled status. *See,* 20 C.F.R. §404.1592(a). As set forth above, the trial work period alleged by Plaintiff in her brief was a ten month time period – "from February to December 2015." (ECF No. 11, p. 4). Thus, Plaintiff's work extended beyond nine months, making §404.1592 inapplicable. Additionally, a plaintiff is "generally entitled to a trial work period if you are entitled to disability insurance benefits…." 20 C.F.R. §404.1592(d)(1). For the reasons

discussed below, Plaintiff has failed to show that ALJ's determination that she was not entitled to benefits to be in error. Therefore, Plaintiff is not entitled to disability insurance benefits for any period at issue here and this argument is moot. Consequently, I find no error in this regard.

### C.     Residual Functional Capacity ("RFC") [2]

Plaintiff next contends that the ALJ "failed to properly assess the Plaintiff['s]" RFC. (ECF No. 11, p. 5). Without more, Plaintiff summarily concluded that the ALJ "failed to properly take in[to] consideration the Plaintiff's degenerative conditions." *Id.* This conclusion falls woefully short. Nevertheless, I will consider the same. After a review of the record, I find the ALJ specifically considered and sufficiently addressed her degenerative conditions. (ECF No. 8-2, pp. 19-26). For example, the ALJ acknowledged the same in finding they are severe impairments. (ECF No. 8-2, p. 21). Additionally, the ALJ addressed the same in her RFC analysis. *Id.,* at pp. 23-25. I note that simply because a plaintiff has an impairment or a diagnosis does not equate to a disability. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990). I find there is substantial evidence of record to support the ALJ's decision that Plaintiff was not prohibited by her impairments from engaging in medium work with exceptions and, thus, not under a disability from the alleged onset date of October 31, 2012 through the date last insured, Mach 31, 2014. (ECF No. 8-2, pp. 19-26). Consequently, I find no error and remand is not warranted on this basis.

An appropriate order shall follow.

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform medium work with certain exceptions. (ECF No. 8-2, pp. 23-25).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA LEE WASHINGTON,                )
                                      )
      Plaintiff,                     )
                                      )
-vs-                                  )     Civil Action No. 17-518
                                      )
NANCY A. BERRYHILL,[3]                )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
      Defendant.                     )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 1st day of May, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.